UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENNETH D. BELL, NATIONWIDE
JUDGMENT RECOVERY, INC. and
NATIONWIDE JUDGMENT
RECOVERY, INC., in his capacity as
court-appointed Receiver for Rex
Venture Group, LLC d/b/a/
ZeekRewards.com

    Plaintiffs,

v.                                                  Case No: 5:21-mc-3-JSM-PRL

TODD DISNER, et al.,

    Defendants.
_____

REPORT AND RECOMMENDATION[1]

This matter is before the court on the motion of Plaintiff, Nationwide Judgment Recovery Inc. as assignee of Matthew Orso, as successor trustee to Kenneth D. Bell in his capacity as court-appointed receiver for Rex Venture Group, LLC ("Plaintiff"), for final judgment in garnishment as to Garnishee Bank of America, N.A. (Doc. 14). For the reasons explained below, I recommend that the motion be granted.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

### I. BACKGROUND

On August 14, 2017, the United States District Court for the Western District of North Carolina entered a Final Judgment in favor of the plaintiff against each individual member of a Defendant class, including Emery Woods in the amount of $6.397.63. (Doc. 1). On March 8, 2021, the judgment was registered with this Court. (Doc. 1). Plaintiff moved for a writ of garnishment to satisfy the outstanding judgment and believed that Bank of America, N.A. has in its possession and control certain monies or property belonging to the Defendant sufficient to satisfy the judgment in whole or in part. (Doc. 2).

On August 13, 2021, the writ of garnishment was issued to Bank of America, N.A. (Doc. 5). On August 27, 2021, Plaintiff, pursuant to Florida Statute § 77.041 gave notice of serving the writ of garnishment with a copy of the motion for writ of garnishment, the writ of garnishment and notice to Defendant. On August 27, 2021, Garnishee filed its Answer to the writ, disclosing that at the time of service of the writ of garnishment, it (Bank of America, N.A.) was indebted to Defendant in the amount of $2,997.30. (Doc. 9). On September 1, 2021, pursuant to Florida Statute § 77.055, counsel for Plaintiff gave notice of the Answer together with the statutorily required notice to Defendant. (Doc. 16). Defendant has not responded to any filing in the case, including the writ of garnishment and Answer.

### II. DISCUSSION

Florida's procedure in aid of execution governs in the instant case. *See* Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. Florida law requires garnishment statutes to be strictly construed. *Gigliotti Contracting North, Inc. v. Traffic Control Products of North Florida, Inc.*, 788 So.2d 1013, 1016 (Fla. 2d DCA 2001).

The Answer (Doc. 9) establishes the amount Bank of America, N.A. held from Defendant after the writ of garnishment was served and before the Answer. Because Defendant has not moved to dissolve the writ of garnishment, Plaintiff requests entry of a final judgment of garnishment against Bank of America, N.A. in the amount of $2,997.30 Neither Defendant nor any other party has responded, objected, filed a claim of exemption or moved to dissolve the writ within the 20 days allowed by § 77.055. Based on the foregoing, Plaintiff has met the statutory requirements for a judgment of garnishment.

### III. RECOMMENDATION

Accordingly, it is recommended that the motion for final judgment in garnishment as to Bank of America, N.A. (Doc. 14) be **GRANTED**. If Plaintiff has not yet paid Bank of America's counsel the statutory garnishment fee in the amount of $100.00, Plaintiff should be directed to promptly do so.

Recommended in Ocala, Florida on February 11, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy